IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MALIK M. MOORE-BEY,                    :        CIVIL ACTION NO. **1:CV-12-1656**
                                       :
              Petitioner               :        (Judge Caldwell)
                                       :
       v.                              :        (Magistrate Judge Blewitt)
                                       :
DAVID J. EBBERT,                       :
                                       :
              Respondent               :

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On August 21, 2012, Petitioner Malik M. Moore-Bey, an inmate at USP-Canaan, Waymart, Pennsylvania, filed, *pro se*, the instant form Petition for Writ of Habeas Corpus, with two supplemental pages attached, pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner filed a Motion to proceed *in forma pauperis*. (Doc. 4).

Named as sole Respondent in this habeas petition is David J. Ebbert, the Warden at USP-Canaan.[1] The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner essentially claims that in October 2007, the federal sentencing court improperly enhanced his federal sentence under 21 U.S.C. § 851 and imposed a sentence to life imprisonment by relying on two of his prior state court convictions, one of which did not result in a sentence exceeding a one-year term in prison. Thus, Petitioner claims that he is actually

---

[1]Petitioner named the correct Respondent since he is presently confined at USP-Canaan and Ebbert is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

innocent of the §851 sentencing enhancement.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2]

## II.  Factual Background.

On October 10, 2007, almost five (5) years ago, in the United States District Court for the Western District of North Carolina, Petitioner was sentenced to life imprisonment, for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), after the Court applied an enhancement pursuant to 21 U.S.C. § 851, based on Petitioner's 2000 and 2003 North Carolina State drug convictions.   Petitioner cites to his 2007 North Carolina federal conviction as *United States v. Moore*, Case No. 5:05-CR-235, W.D. N.C. Petitioner cites to his 2003 North Carolina State conviction as *State of North Carolina v. Moore*, Case No. 02-CR-S5298 (4/14/03).  (Doc. 1, pp. 1 & 10).

Specifically, the United States District Court for the Western District of North Carolina in its May 3, 2010 decision denying Petitioner's April 14, 2010 Motion to Vacate his sentence under 28 U.S.C. §2255, stated the background of Petitioner's federal conviction as follows:

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

On August 23, 2005, the Petitioner and twelve others were charged in a four-count Bill of Indictment. Petitioner was charged in Count–One with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The remaining counts charged various co-defendants with drug crimes related to the conspiracy. (Case No. 5:05cr235, Doc. No. 3: Indictment). On the same day the Indictment was filed, the Government also filed a Notice of Intention to Seek Enhanced Penalties Pursuant to Title 21 U.S.C. § 851 based on two prior drug convictions on August 1, 2000 and July 16, 2003 subjecting the Petitioner to a mandatory life sentence. ( *Id.,* Doc. No. 19.) On October 4, 2006, a jury found Petitioner guilty of Count One of the Indictment. ( *Id.,* Doc. No. 334: Jury Verdict). On October 10, 2007, Petitioner appeared with counsel for a sentencing hearing. Petitioner's counsel objected to the use of the two prior convictions listed in his § 851 notice and also objected to the effect of those convictions on his sentence. The undersigned, after hearing evidence, overruled Petitioner's objections and sentenced Petitioner to life imprisonment. ( *Id.,* Doc. No. 421: Judgment; Doc. No. 452: Sentencing Transcript). On October 25, 2007, Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. ( *Id.,* Doc. No. 425.) On Appeal, Petitioner argued that the district court: (1) erred in denying his motion for judgment of acquittal because the Government failed to sufficiently prove that he conspired to distribute cocaine base; (2) engaged in improper judicial fact finding, in violation of his Sixth Amendment rights; and (3) erred in using prior convictions to enhance his sentence. On December 31, 2008, in an unpublished decision, the Fourth Circuit Court of Appeals affirmed the judgments and convictions. *United States v. Moore*, 305 Fed. App'x 130 (4th Cir.2008). Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied on May 4, 2009. [129 S.Ct. 2171 (2009)]

*See Moore v. U.S.*, 2010 WL 1816169, *1 (W.D. N.C. May 3, 2010). *See also* Doc. 1, p. 10.

As indicated, on April 14, 2010, Petitioner filed Motion to Vacate his federal life-sentence under 28 U.S.C. §2255, with the United States District Court for the Western District of North Carolina. On May 3, 2010, United States District Court for the Western District of North Carolina denied Petitioner's §2255 motion. *See Moore v. U.S.*, 2010 WL 1816169. Petitioner then filed a Motion for

Reconsideration of the United States District Court for the Western District of North Carolina's May 3, 2010 decision which was denied on May 26, 2010. *See Moore v. U.S.*, 2010 WL 2163356 (W.D. N.C. May 26, 2010).

On August 19, 2010, Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit seeking to appeal the district court's orders denying his §2255 motion. On August 30, 2010, the United States Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability and dismissed Petitioner's appeal. *See U.S. v. Moore*, 393 Fed.Appx. 101 (4th Cir. 2010).

On June 12, 2012, Petitioner filed a Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. §2244(b)(3) and claimed that he was actually innocent of the §851 sentence enhancement because "his 2003 North Carolina conviction was not punishable by a term exceeding one year." (Doc. 1, p. 4). On July 10, 2012, the United States Court of Appeals for the Fourth Circuit denied Petitioner's motion.

Subsequently, Petitioner filed the instant §2241 habeas petition with the United States District Court for the Middle District of Pennsylvania. (Doc. 1).

**III.  Claim of Habeas Petition**.

As stated, Petitioner claims that his 2003 North Carolina State drug conviction should not have used by the United States District Court for the Western District of North Carolina to enhance his October 2007 sentence for his federal drug conviction. Petitioner claims that he is actually innocent of the § 851 enhancement he received on his current federal life-sentence based, in part, on his 2003 North Carolina State conviction because he claims that this North Carolina conviction did not result in a sentence exceeding one year in prison.   Petitioner states that his 2003 North Carolina State

conviction only resulted in s sentence of no more than 9 to 11 months imprisonment. Petitioner relies upon the recent United States Supreme Court case of *Carachuri-Roasendo v. Holder*, ---U.S.---, 130 S.Ct. 2577 (2010), which he seems to claim was made retroactive to cases on collateral review by the United States Court of Appeals for the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. Aug. 17, 2011). (Doc. 1, p. 10). Petitioner contends that a §2255 motion is inadequate since his claim based on *Carachuri-Roasendo v. Holder* was not available to him at the time he filed his §2255 motion. Petitioner states that "at the time of [his federal] sentencing, the law did not require a defendant to have actually been sentenced to a term of imprisonment exceeding one year - only that his offense was punishable by more than one year imprisonment." (*Id.*, p. 11). Petitioner also states that a §2255 motion is inadequate since his Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Fourth Circuit was denied. (*Id.*, p. 5). It is clear that when Petitioner filed his June 12, 2012 Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. §2244(b)(3), his Motion based on *Carachuri-Roasendo v. Holder* and *United States v. Simmons*, 649 F.3d 237 (4th Cir. Aug. 17, 2011), was nonetheless denied by the Fourth Circuit. (Doc. 1, p. 4).

Petitioner concludes his habeas petition by stating that the §851 enhancement and life-sentence imposed by the United States District Court for the Western District of North Carolina was improper and exceeded the sentence permitted by law. In his habeas petition, Petitioner requests the Court to remove his §851 enhancement and essentially vacate his life-sentence.

We will recommend that the present habeas petition be dismissed for lack of jurisdiction since we find that §2255 is Petitioner's remedy with respect to his claim. As mentioned, Petitioner is

presently serving his federal life-sentence, imposed on October 10, 2007, at USP-Canaan.

## IV. Discussion.

We find that Petitioner's present § 2241 habeas petition should be dismissed for lack of jurisdiction. *See Wallace v. Bledsoe*, 2011 WL 766646 (M.D. Pa. 2-7-11)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his state court conviction for unlawful restraint should not have been used by the federal sentencing court to sentence him as an armed career offender and enhance his federal sentence to 300 months since it was a "none existent state charge."); *Brown v. Bledsoe,* 2012 WL 92344 (M.D. Pa. Jan. 11, 2012)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his July 2004 federal sentence enhancement under U.S. Sentencing Guidelines as a §2K2.1(a)(2) based on two prior state court felony convictions was improper since one of his prior state convictions was illegal.).

Specifically, as in the recent *Wallace* and *Brown* cases, we find that § 2255 is an adequate and effective remedy for Petitioner to raise his instant habeas claim, namely, that he is actually innocent of the § 851 enhancement he received on his current federal life-sentence based, in part, on his 2003 North Carolina State conviction because this North Carolina conviction did not result in a sentence exceeding one year in prison; rather, it resulted in a sentence of 9 to 11 months. *See also Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10). Simply because Petitioner's first §2255 Motion was denied by the United States District Court for the Western District of North Carolina and simply because the Fourth Circuit Court of Appeals denied Petitioner's motion to file a second or successive §2255 motion does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claim. Suffice to say that, based on recent

Middle District cases directly on point, we find Petitioner's present habeas claim must be raised *via* a 2255 motion. *See Wallace, supra; Brown, supra; Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender).

As stated, Petitioner has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claim. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted by 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner contends that § 2255 is inadequate or unavailable in light of the fact that his claim is based on two cases decided after his §2255 motion was denied, namely, *Carachuri-Roasendo v. Holder* and *United States v. Simmons*, and since his motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Fourth Circuit Court of Appeals was recently denied on July 10, 2012. As stated, it is apparent that when Petitioner filed his June 12, 2012 Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Fourth Circuit, his Motion was denied by the Fourth Circuit despite being based on *Carachuri-Roasendo v. Holder* and *United States v. Simmons*. (Doc. 1, p. 4). We find that Petitioner's recourse is still §2255 even though the Fourth Circuit Court of Appeals denied his motion to file a second or successive

§ 2255 motion pursuant to 28 U.S.C. § 2244(b)(3).

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp.

3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy
> provided by section 2255 is inadequate or ineffective to test the
> legality of his detention.  28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*,
> 290 F.3d 536, 538 (3d Cir. 2002).  A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court
> has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner
> cannot meet the gatekeeping requirements of section 2255, *Okereke v.
> United States*, 307 F.3d 117, 120 (3d Cir. 2002).  As noted above,
> Sperling has already filed three unsuccessful motions pursuant to
> section 2255 in the sentencing court, and at least two applications
> to the Second Circuit for permission to file another, all of which
> essentially raised the same claims he raises here.  However, the fact
> that Sperling cannot prevail under section 2255 does not render it
> "inadequate or ineffective" to protect him.  *See Cradle*, 290 F.3d. at
> 539.  Therefore, the District Court properly dismissed Sperling's
> petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar

for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a

§ 2241 petition to challenge a conviction or sentence."  This Court stated that the request for relief

under § 2241 must be based on newly discovered evidence or an intervening change in substantive

law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction.  *Id*.

In *U.S. v. St. Clair*, 2012 WL 1309368 (W.D. Pa. April 16, 2012), Petitioner, who was

convicted of possession of a firearm by a felon under 18 U.S.C. §922(g)(1),  filed a second §2255

motion and claimed that he was not guilty of any federal offense based on  *Carachuri-Roasendo v.

Holder* and *United States v. Simmons*.  The Court in *U.S. v. St. Clair* stated that *Carachuri-Roasendo v.

Holder* "dealt with the issue of under what circumstances a prior conviction for simple possession of

a controlled substance can constitute an aggravated felony pursuant to 8 U.S.C. §1229b(a)(3)."   Title 8 U.S.C. §1229b(a)(3) of the Immigration and Nationality Act ("INA") deals with an alien being allowed to file an application for cancellation of removal from the United States if he was not convicted of an aggravated felony.   The  Court in *U.S. v. St. Clair* stated that in *Carachuri-Roasendo v. Holder,* "the Supreme Court determined whether the statutory enchantments for recidivism in regard to simple possession under 18 U.S.C. §844 can render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised." 2012 WL 1309368, *2.   Thus, in *Carachuri-Roasendo v. Holder,* "the [Supreme] Court addressed the issue of whether a second state misdemeanor conviction for possession of narcotics was an 'aggravated felony' barring a resident alien's petition for cancellation of deportation under the [INA], ... ." *U.S. v. Garcia*, 2012 WL 72756, *1 (E.D. Pa. Jan. 10, 2012).  In *U.S. v. Garcia*, 2012 WL 72756, *2, the Court found that Defendant Garcia's reliance on *Carachuri-Roasendo v. Holder* in his §2255 motion was misplaced and that *"Carachuri-Roasendo* involved the interpretation of the INA, a completely different statute [than the state felony conviction of Garcia which carried a maximum sentence of greater than one year] and, did not address the definition of a prior felony under 21 U.S.C. § 851." In *U.S. v. Garcia*, 2012 WL 72756, *2, the Court concluded that "[u]nder §851, Garcia's prior state conviction was properly considered a prior felony drug offense" and that it was "irrelevant that [Garcia] only served a sentence of five years' probation.  *See* 21 U.S.C. §§ 802(13), (44)."

The  Court in *U.S. v. St. Clair* stated that its Petitioner was convicted under §922(g)(1) which "does not require a showing that he had been previously convicted of an aggravated felony, but rather that he had previously been convicted of a crime punishable by imprisonment for a term exceeding

one year." 2012 WL 1309368, *2. The *U.S. v. St. Clair* Court concluded that "*Carachuri–Rosendo* in no way altered the well-established rule that courts are to look at the maximum potential sentence for a prior conviction, and not the one actually imposed, in determining whether a defendant was convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of Section 922(g)(1)." *Id.*(citations omitted).

Additionally, the Court in *U.S. v. St. Clair* found that *Carachuri-Roasendo v. Holder* "has not been made retroactive to cases on collateral review" and that the Fourth Circuit in *United States v. Simmons* did not address this issue. *Id.* at *3(citing *Bogardus v. United States*, 2012 WL 292870 (S.D. Ga. Jan. 4, 2012)). We agree with the Courts in *U.S. v. St. Clair* and in *Bogardus v. United States* that *Carachuri-Roasendo v. Holder* has not been made retroactive to cases on collateral review. *See Bogardus v. United States*, 2012 WL 292870, *6. We find that the cases of *U.S. v. St. Clair* and *U.S. v. Garcia* make it clear that §2255 is the remedy for our Petitioner to raise his instant claim. We find that even under *Carachuri-Roasendo v. Holder,* the federal sentencing court in Petitioner's case could still look at the maximum potential sentence for Petitioner's 2003 North Carolina drug conviction, and not the one that was actually imposed upon him, *i.e.*, 9 to 11 months in prison, when it enhanced his sentence to life imprisonment under §851.

Further, the *Carachuri-Roasendo v. Holder* case was decided on June 14, 2010, and it is apparent from the instant habeas petition (Doc. 1, p. 4) that our Petitioner raised this case as a basis for his June 12, 2012 Motion to file a second or successive §2255 motion with the United States Court of Appeals for the Fourth Circuit. As mentioned, the United States Court of Appeals for the Fourth Circuit denied Petitioner's June 12, 2012 Motion to file a second or successive §2255 motion.

In the present case, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The federal sentencing court then enhanced Petitioner's sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's two prior North Carolina State drug convictions from August 1, 2000 and July 16, 2003, and sentenced Petitioner to a mandatory life sentence.  Petitioner claims that his 2003 North Carolina State drug conviction should not have used to enhance his federal sentence since this conviction did not result in a sentence exceeding one year imprisonment, rather, it only resulted in a prison sentence of 9 to 11 months. Based on the case of *U.S. v. Garcia*, 2012 WL 72756, *2, it appears that under §851, Petitioner's prior North Carolina State drug conviction from July 16, 2003 was properly considered a prior felony drug offense and that it was irrelevant that Petitioner only served a prison sentence of 9 to 11 months as a result of this conviction.  Moreover, as stated, we concur with the Courts in *U.S. v. St. Clair* and in *Bogardus v. United States* that *Carachuri-Roasendo v. Holder* has not been made retroactive to cases on collateral review.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained.  The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective.  The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits.  The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to

11

consider the merits of his petition." *Id*. at 104; *see also Middleton v. Ebbert*, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011).

Based on *Brown*, as well as *Wallace*, *Blum* and *DiFilippo*, we find that this Court is clearly without jurisdiction to consider Petitioner's § 2241 habeas petition.  We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under § 2255 with respect to his 2007 federal sentence.   Thus, Petitioner's contention that his current federal sentence of life imprisonment was impermissibly based on the sentencing court's enhancement under §851 due  to one of his two prior state court drug convictions not resulting in a sentence exceeding one year in prison, should be raised in a § 2255 motion.  *See  U.S. v. St. Clair, supra*  and *U.S. v. Garcia, supra*. Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion.  *Okereke, supra*.  Further, Petitioner does not claim that he is actually innocent of the federal  drug crime for which he was convicted.  Rather, Petitioner claims that his life-sentence was impermissibly enhanced based, in part, on a prior state conviction which only resulted in a sentence of 9 to 11 months.   The exception created in *Dorsainvil* does not apply in this case and Petitioner cannot seek relief under §2241.  *See Okereke,* 307 F.3d at 120-21.

In this case, even though Petitioner has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy.   Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not

render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.")**.**

Thus, we will recommend that the District Court summarily dismiss Petitioner's habeas petition under Rule 4 since we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Fourth  Circuit Court of Appeals. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion).  As in *Bush*, our Petitioner makes no claim that he is actually innocent of his October 2007 drug conviction

for violation of 21 U.S.C. §§ 846 and 841(a)(1), and Petitioner's present habeas claim is clearly an

attack on the legality of the life-sentence imposed on him by the United States District Court for the

Western District of North Carolina.  Thus, Petitioner cannot "evade the gatekeeping requirements of

§2255 by seeking relief under §2241."  *Bush v. Elbert*, 299 Fed. Appx. at 149; *Middleton, supra*.

Based upon the well-settled case law, we shall recommend that Petitioner's Habeas Corpus

Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.  We

shall also recommend that Petitioner's Motion to proceed *in forma pauperis*  (Doc. 4) be granted solely

for purpose of filing this case.

**IV**.  **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ

of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of

jurisdiction.  It is also recommended that Petitioner's Motion to proceed *in forma pauperis* (**Doc. 4**)

be granted solely for purpose of filing this case.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 10, 2012**

14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK M. MOORE-BEY, | : | CIVIL ACTION NO. **1:CV-12-1656** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAVID J. EBBERT, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **September 10, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

      Failure to file timely objections may constitute a waiver of any appellate rights.


                 **s/ Thomas M. Blewitt**
                 **THOMAS M. BLEWITT**
                 **United States Magistrate Judge**

**Dated:  September 10, 2012**