IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK M. MOORE-BEY,<br>    Petitioner<br><br>v.<br><br>DAVID J. EBBERT,<br>    Respondent | :<br>:<br>:<br>:   CIVIL NO. 1:12-CV-1656<br>:<br>:<br>: |

*O R D E R*

The background of this order is as follows:

Petitioner commenced this case on August 21, 2012, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). On September 10, 2012, Magistrate Judge Blewitt filed a Report and Recommendation ("R&R") (Doc. 5), in which he recommends that the petition be dismissed for lack of jurisdiction. On September 27, 2012, Petitioner filed a motion for reconsideration (Doc. 6), which we will treat as an objection to the R&R.

Judge Blewitt correctly recognized that the proper recourse for Petitioner's claim is for him to pursue a habeas corpus petition under § 2255. We could exercise jurisdiction over Petitioner's § 2241 petition only if § 2255 were an inadequate or ineffective remedy.

Petitioner contends that we have jurisdiction over his § 2241 petition because the Fourth Circuit denied his § 2244(b)(3) motion seeking leave to file a second or successive § 2255 petition. We reject this argument. The fact that the Fourth Circuit denied leave to file a second or successive § 2255 petition is <u>not</u>

sufficient to show that a § 2255 petition would be an inadequate or ineffective remedy for Petitioner's claim.  To accept Petitioner's argument would allow habeas petitioners to bypass the gatekeeping requirements of § 2255 by bringing § 2241 petitions instead.  It is well established that claims like Petitioner's claim cannot proceed in such a manner.  We will adopt Judge Blewitt's R&R and overrule Petitioner's objection.

ACCORDINGLY, this 22nd day of October, 2012, it is ORDERED that:

1. The Report and Recommendation (Doc. 5) of Magistrate Judge Blewitt is ADOPTED, and Petitioner's objections thereto (Doc. 6) are overruled.

2. The petition (Doc. 1) for a writ of habeas corpus is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to close this case.

 /s/ William W. Caldwell
William W. Caldwell
United States District Judge